UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK STATE RESTAURANT
ASSOCIATION,

      Plaintiff,

  - against -

NEW YORK CITY BOARD OF HEALTH,
NEW YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE, and Thomas R. Frieden,
In His Official Capacity as Commissioner
of the New York State Department of Health
and Mental Hygiene,

      Defendants.

---

No. 2007 Civ. _____

DECLARATION OF
RICK COLÓN

RICK COLÓN hereby declares under penalty of perjury:

  1.  I am Vice President and General Manager, New York Metro Region, for McDonald's USA LLC. McDonald's USA LLC is a member of the New York State Restaurant Association. I supervise McDonald's business in the New York Metro Region, one of twenty two regions in the United States. I started working for McDonald's almost 30 years ago, as a crew member in a McDonald's restaurant in Connecticut.

  2.  McDonald's is a leader in communicating with our customers. We have been refining and improving our message and the way we communicate with our customers for many, many years. Our menu boards are a very big part of that effort. They are extremely important to our business. Our menu boards are the most important mode of communication inside the store, and they rival our road signs in overall importance in communicating with our customers.

  3.  Our menu boards are much different today than they were thirty years ago, when I started with the company. They are now more streamlined, more condensed, and less cluttered.

- 2 -

The way our menu boards look, and what they say, matters a great deal to McDonald's. Most of our menu-board space is used for point-of-purchase displays with a photograph, a one or two word description of the menu item, and pricing for the item alone and as a meal. An example is attached as Exhibit A.

4. We have also made communicating with our customers about health and nutrition a big priority in recent years. Our message and the way we communicate about nutrition is carefully thought out and comprehensive. We give our customers menu choices that include healthy items and healthy meals. We teach our customers about the importance of physical activity. And we give our customers nutrition information about our products using in-store brochures and tray liners; using our interactive website; and with a toll-free number. We also put key nutrition information right on the food wrappers of many of our products.

5. We do not put nutrition information on our menu boards. We think it would clutter the boards and make them confusing. Because an important part of the McDonald's experience is convenience, the time a customer spends waiting in line is extremely important to us. The average customer spends under three and a half minutes waiting to order and completing his or her transaction at a McDonald's restaurant. If that time is increased because of menuboard clutter or customer confusion, our lines will back up and we will lose business. The longer the line, the more customers who will choose to go somewhere else. Anything that contributes to gridlock hurts our business.

6. The proposed New York City menu-board regulation offends us for two major reasons. First of all, we know how to communicate with our customers about nutrition. We have been doing it for many years. We should not be forced to communicate with them in a way

- 3 -

that the City thinks might be better for them. Forcing us to put something up on our menu boards is the same thing as putting words in our mouths and forcing us to say them.

7. Second, the regulation would put us at a competitive disadvantage and on an uneven playing field. If we are forced to comply with the regulation, we will have longer lines, confused customers, and some customers who will see the calorie content of the item they were planning to buy and who will choose not to buy anything from us. I believe that we will lose customers to competitors who do not disclose nutrition information and whose food may in fact have more calories than ours. Some of our competitors have never provided nutrition information to their customers. Others have chosen to stop providing that information. In either case, those restaurants (whether other chains or mom-and-pop shops) will have a competitive advantage; we will be hurt, and we may not be able to measure our losses with certainty.

8. The City's regulation says that the Board of Health will consider reasonable alternatives to menu board listings. We proposed disclosing calories for our menu items on in-store counter mats, along with reminders on the menubords of the resources for finding complete nutrition information. A copy of our proposal is attached as Exhibit B. We already use counter mats in our New York City stores, and they are extremely popular with our customers. They provide a handy visual cue for our customers. A copy of a counter mat is attached as Exhibit C. Counter mats are particularly important in New York because New York is the most diverse city in America, and many of our customers do not speak English. The counter mats make ordering easy for these customers.

9. We felt that our proposal would do a better job providing calorie information in context and would work together with the in-store and other available nutrition information that we already provide to our customers, including tray liners and brochures. But the Health

Department rejected this alternative and did not hold out any prospect that any other in-store alternative would be acceptable to it. A copy of the Health Department's letter to me is attached as Exhibit D.

10. In sum, the Health Department has left us with no alternative but to seek help from this Court, to protect our ability to communicate with our customers the way we see fit.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 13, 2007

                                            Rick Colón