UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NEW YORK STATE RESTAURANT ASSOCIATION, <br><br> Plaintiff, <br><br> - against - <br><br> NEW YORK CITY BOARD OF HEALTH, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, and Thomas R. Frieden, In His Official Capacity as Commissioner of the New York State Department of Health and Mental Hygiene, <br><br> Defendants. | No. 2007 Civ. _____ <br><br> DECLARATION OF <u>JIMMY FITZGERALD</u> |

---

JIMMY FITZGERALD hereby declares under penalty of perjury as follows:

1. I am the Director of Concept Development for Dunkin' Brands, Inc. ("Dunkin' Brands"). I have thirty (30) years experience in the restaurant industry in concept development and operations, working for seven (7) different concepts.

2. New York City Department of Health Regulation 81.50 will have an adverse effect on the quick service restaurant industry, which is highly dependent on the efficiency with which transactions are conducted. By requiring calorie information to be disclosed at the point of service, where it would first be received and analyzed by the consumer, speed of service, which is critical to our industry's business model, must be adversely affected. Alternative forms of complete disclosure such as in websites, brochures, and food wraps, permit the consumer to gather information, analyze it, and make decisions in advance of purchase, or at the very least, in advance of the next purchase (our customers are almost always repeat business), leading to better decisions by consumers and no adverse impact on restaurant operations.

3. The regulation also adversely affects the industry, or particular industry members, by focusing on the menu board. Menu boards are the critical, limited "real estate" within a store, the primary way most industry members communicate essential information about products. The required addition of calorie information forces the industry to forego or limit other messaging that is necessary to the conduct of business. One member of the Department of Health suggested that we make room for calorie information by eliminating pictures—an essential component of our advertising—from our messaging.

4. Furthermore, the regulation burdens some industry members and not others because as interpreted by the Department of Health, concepts whose merchandising method involves alternatives to menu boards, such as display cases (displaying the product and price), do not have to disclose the calorie content of their products at all. This appears to be a totally arbitrary outcome.

-3-

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on June 23, 2007

_____
JIMMY FITZGERALD