UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK STATE RESTAURANT
ASSOCIATION,

          Plaintiff,

    - against -

NEW YORK CITY BOARD OF HEALTH,
NEW YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE, and Thomas R. Frieden,
In His Official Capacity as Commissioner
of the New York State Department of Health
and Mental Hygiene,

          Defendants.

No. 2007 Civ. _____

DECLARATION OF
STEPHEN HORN

---

STEPHEN HORN hereby declares under penalty of perjury as follows:

1. I am the Chief Legal Officer and General Counsel of Dunkin' Brands, Inc. ("Dunkin' Brands"), which is the indirect parent and servicer of the Dunkin' Donuts and Baskin-Robbins franchise systems. Dunkin' Brands is a member of the New York State Restaurant Association.

2. New York City Department of Health Regulation 81.50 provides that the Board of Health will consider alternatives to posting calorie count information on menu boards, and any acceptable alternative must be expressly approved by the Department of Health. On February 27, 2007, I attended a meeting with Department of Health officials and representatives of the National Restaurant Association to possible discuss alternatives that would be acceptable. Two alternatives for calorie display that were discussed were counter mats and signs on stanchions that would be placed adjacent to the point of purchase where they would be readily visible to customers standing in line to place their orders.

3. The Board of Health representatives stated that while they did not feel they could approve proposals based on counter mats, they felt positively about signs on stanchions as an alternative. Based on the Department's reaction, Dunkin' Brands was encouraged to believe that it could create an acceptable alternative, and with that understanding, subjected itself to the forthcoming regulation by continuing to publish nutrition information on brand websites on an after the March 1, 2007, "triggering date" set by the regulation.

4. On March 14, 2007, I met with Department of Health representatives to gain approval of Dunkin' Brands proposed sign-on-stanchion solution and was informed that the Department had changed its view and that signs on stanchions would not be acceptable because they were not "prominent" enough within the meaning of Regulation 81.50 (b)(1). I expressed my disappointment by email to Mr. Thomas Merrill, an attorney for the Department. In a responsive email, Mr. Merrill advised of a Board of Health position that, to my knowledge, had never been previously published or announced: that if a restaurant otherwise subject to the regulation chose not to display the name of a food item and its price on a menu board or a printed menu (for example, if the item and its price were displayed in a merchandising display case), the item's caloric content *would not have to be disclosed at all.* In essence, whether a restaurant must bear the burden and cost of the regulation is dependent entirely on its chosen merchandising system.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on June 1?, 2007

_____
STEPHEN HORN