



JUL 12

RICHARD J. HOLWELL

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Mark W. Muschenheim
Tel: (212) 442-0573
Fax: (212) 791-9714
MMuschen@Law.NYC.Gov

July 11, 2007

By Fax

Hon. Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/07

Re:    New York State Restaurant Ass'n v. New York City Bd. Of Health
       Index # 07 Civ. 5710 (RJH)

Dear Judge Holwell:

This office represents defendants in the above-captioned matter. I write to request that Your Honor waive the pre-motion conference requirement and permit defendants to file a motion for summary judgment. Plaintiff made a similar request in a July 10, 2007 letter to Your Honor with respect to its intention to move for partial summary judgment on its preemption claim, and does not object to this request to the extent that the defendants intend to also move for summary judgment on plaintiff's preemption claim. Plaintiff, however, does not agree with defendants' request to waive the pre-motion conference to the extent that defendants intend to move for summary on plaintiff's First Amendment claim.

The parties are currently scheduled to appear before Your Honor on July 25, 2007 at 5:00 p.m. in connection with plaintiff's motion for declaratory relief on its preemption claim, and for a preliminary injunction on its First Amendment claim. On July 5, 2007, the defendants submitted opposition papers to this motion. Pursuant to Federal Rule of Civil Procedure 56(b), defendants intend to move for summary judgment on both claims, and will rely on the opposition papers that were filed on July 5th. The parties do not dispute that plaintiff's preemption claim is ripe for summary judgment.

Defendants believe the same holds true for plaintiff's First Amendment claim, which is primarily governed by Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626 (1985). Zauderer applies to regulations such as the one in dispute here, New York City Health Code § 81.50, which only compel the disclosure of purely factual information (the amount of calories in food item). Such a regulation need only be reasonably related to the state or local government's

interest in enacting the regulation, and since the Declaration of Commissioner Thomas Frieden submitted by defendants conclusively establishes that posting calories on menus is reasonably related to the defendants' efforts to reduce obesity, the plaintiff's First Amendment claim is similarly ripe for summary judgment. Moreover, even if Zauderer was not dispositive here, since the other arguments defendants make relating to the First Amendment claim are similarly based on undisputed relevant facts, plaintiff's First Amendment claims can be resolved by summary judgment.

Based on defendants' reliance on their previously filed papers, defendants respectfully request that Your Honor waive the pre-motion conference requirement  and permit defendants to file a Notice of Motion for Summary Judgment and a Local Rule 56.1 Statement.

Respectfully submitted,

Mark W. Muschenheim  (MM 0498)
Assistant Corporation Counsel

cc:     Peter L. Zimroth, Esq.
        (By Fax)

Application Granted

So ORDERED

7/16/07