UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

NEW YORK STATE RESTAURANT ASSOCIATION,

                                                               Plaintiff,
                - against -

NEW YORK CITY BOARD OF HEALTH, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL HYGIENE, and      07 CIV 5710 (RJH)
Thomas R. Frieden, in His Official Capacity as Commissioner of
the New York City Department of Health and Mental Hygiene,

                                                             Defendants.
------------------------------------------------------------------------------x

## **CITY'S RULE 56.1 STATEMENT**

PURSUANT TO LOCAL CIVIL RULE 56.1, defendants the NEW YORK CITY BOARD OF HEALTH, THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, and Thomas R. Frieden, in His Official Capacity as Commissioner of the New York City Department of Health and Mental Hygiene (jointly referred to as the "City"), by their attorney, MICHAEL A CARDOZO, Corporation Counsel of the City of New York, submit the following statement of material facts as to which there is no genuine issue to be tried: [1]

        1.        Pursuant to New York City Charter § 556, the Department of Health and Mental Hygiene regulates all matters related to the care, promotion and protection of public health in the City of New York.  Complaint ¶ 12; New York City Charter § 556.

---

[1] All of the exhibits referenced in this statement have been provided as attachments to the Declaration of Thomas Frieden dated July 5, 2007 ("Frieden Dec.") in support of the City's opposition to plaintiff's motion for declaratory relief and a preliminary injunction, which opposition has now been converted into the City's motion for summary judgment.  All references to paragraphs in declarations implicitly include references to any exhibits or citations referenced in those paragraphs.

2. An obesity epidemic currently undermines the health of many New Yorkers. Frieden Dec. ¶ 3; Declaration of David Allison dated July 18, 2007 ("Allison. Dec.") at 9.

3. Obesity has many deleterious effects on the obese individual, including reduced longevity, reduced quality of life, and reduced health. Allison Dec. at 9.

4. People who are overweight are at increased risk for diabetes, heart disease, stroke, high blood pressure, arthritis, and cancer. Frieden Dec. ¶¶ 9-12.

5. Curtailing obesity is a substantial governmental interest. Memorandum of Law in Support of Plaintiff's Motion for Declaratory Relief and a Preliminary Injunction dated June 14, 2007 ("Pl.'s Brief") at 25.

6. Obesity largely results from extended periods in which calorie intake exceeds calorie expenditure. Allison Dec. at 10.

7. The general population-wide increase in weight over the past three decades has resulted primarily from consuming more calories than in previous decades. Frieden Dec. ¶¶ 14-15, 20.

8. The "Calories Count" report issued in 2005 by the Food and Drug Administration's Obesity Working Group and other studies of dietary intake have focused on calories as a critically important element of nutrition information to address the obesity epidemic. Frieden Dec. ¶¶ 19-20.

9. Americans increasingly eat meals away from home. Frieden Dec. ¶ 16; Allison Dec. at 10.

10. It is plausible that restaurants are contributing to the obesity epidemic and thus reasonable to believe that providing calorie information at the point of purchase in restaurants, especially fast-food restaurants, might be beneficial in reducing obesity levels. Allison Dec. at 14.

11. Approximately 10% of the restaurants in New York City that have Department food service establishments ("FSE") permits have made calorie information publicly available for standardized menus. Frieden Dec. § 49; Health Code § 81.50 Statement of Basis and Purpose.

12. Studies have shown that quick service restaurants account for nearly three-quarters of all customer restaurant traffic. Frieden Dec. ¶ 51.

13. Studies have shown that, nationwide, the specific restaurant chains that will be affected by Health Code § 81.50 account for 40% of total restaurant visits. Frieden Dec. ¶ 52.

14. Thus, there is good reason to assume that regulation of the 10% of New York City FSEs to be affected by Health Code § 81.50 will have a health impact on more than 10% of the restaurant meals eaten in New York City. Frieden Dec. ¶¶ 49-53.

15. Many of the foods served in restaurants are quite energy dense and quite high in absolute calories. Allison Dec at 10.

16. Restaurant meals tend to be more calorie-packed than home-cooked meals. Frieden Dec. ¶ 16.

17. Three-quarters of American adults report using the nutrition information on packaged-food labels purchased in retail stores. Frieden Dec. ¶ 17.

18. Forty-eight percent of American adults report that the nutrition information on packaged-food labels has caused them to change their food purchasing habits. Frieden Dec. ¶ 17.

19. The absence of readily apparent information about calories at the point-of-purchase in FSEs reduces the ability of consumers to make informed food choices about the number of calories to be consumed and increases the likelihood of inadvertent consumption of more calories than expected. Frieden Dec. ¶ 21.

20. There are dramatic caloric differences among different versions of the same food item. The differences in calories are not always discernible by intuition. Frieden Dec. ¶¶ 21 and 24.

21. The calorie differences between different portion sizes are not discernible by intuition based on the price differential. Frieden Dec. ¶ 21.

22. Restaurant patrons generally underestimate the caloric content of the meals and food items they order. Frieden Dec. ¶¶ 31-32; Allison Dec. at 11.

23. Published scientific evidence and marketing research indicate that making this information readily available at the point of purchase will influence some consumers to make lower calorie choices. Frieden Dec. ¶¶ 24 and 31.

24. A recent study found that when calorie information is readily available, high-calorie menu items are chosen one-third less often. Frieden Dec. ¶ 26.

25. Even if consumers are unaware of their daily recommended calorie intake, they can, by comparing calorie levels of different menu items, make more informed decisions. Frieden Dec. ¶ 23.

26. Even modest reductions in calorie intake can dramatically improve health. Frieden Dec. ¶ 23.

27. In September, 2006, the Board of Health proposed that Health Code § 81.50 be added to the Health Code. Health Code § 81.50 Notice of Adoption.

28. In response to the proposal, over 2,200 written comments were received by the Department. Health Code § 81.50 Statement of Basis and Purpose.

29. On October 30, 2006, a public hearing was held regarding the proposed amendment to Health Code § 81.50. Forty-five people spoke about the proposed rule. Health Code § 81.50 Statement of Basis and Purpose.

30. By a proportion of 100 to one, the comments were in favor of the proposed rule. Frieden Dec. ¶ 54; Statement of Basis and Purpose.

31. The proposed rule received overwhelming support from medical and academic institutions. Frieden Dec. ¶ 54.

32. In December, 2006, the rule was adopted by the Board of Health. Statement of Basis and Purpose.

33. Current nutrition information practices of the FSEs that would be covered under Health Code § 81.50 do not effectively transmit information about calorie content to consumers. An exit survey conducted by the Department in May and June, 2007, indicated that fewer than 5% of customers exiting from FSEs including McDonald's, Dunkin' Donuts, Burger King, and Yum Brands locations reported seeing calorie information. Frieden Dec. ¶ 29.

34. The current voluntary attempts by some FSEs to make nutrition information available are inadequate particularly because the information is usually not displayed where and when consumers are making their choices and purchases. Frieden Dec. ¶ 29.

35. Information on restaurant websites, wall posters, food wrappers, and placemats is not accessible to the consumer who is standing on line and making decisions about which food items to order. Frieden Dec. ¶ 29.

36. Menu boards are designed by FSEs to communicate important point-of-purchase information to consumers. Pl.'s Brief at 7; Colon Dec. ¶¶ 2-3; Fitzgerald Dec. ¶ 3.

37. In order to make their selections, customers focus most of their attention on menu boards, which are usually easily visible from most or all pre-purchase areas of stores, rather than on other restaurant signage. Frieden Dec. ¶ 61.

38. When a consumer is making point-of-purchase decisions about what food items to order, the caloric content of the available food items is important information to that consumer. Frieden Dec. ¶¶ 17, 21, 24, 31.

39. Health Code § 81.50 does not preclude FSEs from posting other nutritional information in addition to calorie content.

40. The Department has procedures for considering any alternative means an FSE proposes for making calorie information available to consumers at the point of purchase other than posting the information on menus and menu boards next to the food item. Frieden Dec. ¶¶ 56-62; Health Code § 81.50(b).

41. Calorie content information has been made publicly available since March 1, 2007 by certain restaurant members of the NYSRA for food that is served in portions the size and content of which are standardized.

Dated:    New York, New York
          July 24, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York,
                                        Attorney for the City

                                  By:   _____
                                        LOUISE MOED (LM 7442)
                                        Assistant Corporation Counsel
                                        100 Church Street (Admin. Law Div.)
                                        New York, NY  10007
                                        (212) 788-0768 phone
                                        (212) 791-9714 fax

By ECF:    Peter Zimroth, attorney for plaintiff

           Stephen Henry Gardner, attorney for amici Public Citizen and CSPI

           Brian Lewis Bromberg, attorney for amicus Rudd Center for Food Policy & Obesity

By e-mail: Francesca Gessner, attorney for amici City and County of San Francisco et al.