UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NEW YORK STATE RESTAURANT ASSOCIATION,

                                                                             Plaintiff,        **ANSWER**

                    -against-

                                                                                                 07 Civ. 5710 (RJH)

NEW YORK CITY BOARD OF HEALTH, NEW YORK
CITY DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, and THOMAS R. FRIEDEN, In His Official
Capacity as Commissioner of the New York City
Department of Health and Mental Hygiene,

                                                   Defendants.

------------------------------------------------------------------------ x

        Defendants the New York City Board of Health ("Board of Health"), the New York City Department of Health and Mental Hygiene ("DOH"), and Thomas R. Frieden, in his official capacity as Commissioner of DOH, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, and respectfully refers the Court to the legal authorities cited therein for their true content and effect, except admits that plaintiff purports to proceed as set forth therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, and respectfully refers the Court to the legal authorities referenced therein for their true content and effect.

        3.     Denies the allegations set forth in paragraph "3" of the complaint.

      4.      Denies the allegations set forth in paragraph "4" of the complaint, and respectfully refers the Court to the legal authorities referenced therein for their true content and effect.

      5.      Denies the allegations set forth in paragraph "5" of the complaint.

      6.      Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

      7.      Admits the allegations set forth in paragraph "7" of the complaint.

      8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that this Court has jurisdiction under 28 U.S.C. § 1343(a)(3).

      9.      Admits the allegations set forth in paragraph "9" of the complaint.

      10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

      11.      Denies the allegations set forth in paragraph "11"of the complaint, and respectfully refers the Court to the New York City Charter provision cited therein for its true content and effect, except admits that that the Board of Health adopted New York City Health Code ("Health Code") § 81.50.

      12.      Denies the allegations set forth in paragraph "12"of the complaint, and respectfully refers the Court to the New York City Charter provision cited therein for its true content and effect, except admits that that DOH will enforce Health Code § 81.50.

      13.      Denies the allegations set forth in paragraph "13"of the complaint, and respectfully refers the Court to the New York City Charter provisions cited therein for their true content and effect.

14. Denies the allegations set forth in paragraph "14"of the complaint, and respectfully refers the Court to the legal authority cited therein for its true content and effect.

15. Denies the allegations set forth in paragraph "15"of the complaint, and respectfully refers the Court to the legal authority cited therein for its true content and effect.

16. Denies the allegations set forth in paragraph "16"of the complaint, and respectfully refers the Court to the legal authority referenced therein for its true content and effect.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18"of the complaint.

19. Denies the allegations set forth in paragraph "19"of the complaint, except admits that on December 5, 2006, the Board of Health adopted Health Code § 81.50, and respectfully refers the Court to Health Code § 81.50 for its true content and effect.

20. Denies the allegations set forth in paragraph "20"of the complaint, and respectfully refers the Court to the legal authorities referenced therein for their true content and effect.

21. Denies the allegations set forth in paragraph "21"of the complaint, and respectfully refers the Court to Health Code § 81.50 for its true content and effect.

22. Denies the allegations set forth in paragraph "22"of the complaint, and respectfully refers the Court to Health Code § 81.50 for its true content and effect.

23. Denies the allegations set forth in paragraph "23"of the complaint.

24. Denies the allegations set forth in paragraph "24"of the complaint.

25. Denies the allegations set forth in paragraph "25"of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint, and respectfully refers the Court to Health Code § 81.50 for its true content and effect.

28. Denies the allegations set forth in paragraph "28" of the complaint, except admits that some restaurants have submitted proposals to DOH pursuant to Health Code § 81.50(b).

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the petition.

31. In response to paragraph "31" of the complaint, repeat the responses to paragraphs "1" through "30" as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint, and respectfully refers the Court to the legal authority referenced therein for its true content and effect.

33. Denies the allegations set forth in paragraph "33" of the complaint, and respectfully refers the Court to the legal authorities referenced therein for their true content and effect.

34. Neither admits nor denies the allegations set forth in paragraph "34" of the complaint, as it constitutes argument or conclusions of law to which no response is required, however, should the Court deem a response necessary, denies the allegations.

35. Denies the allegations set forth in paragraph "35" of the petition.

36. Denies the allegations set forth in paragraph "36" of the petition.

37. In response to paragraph "37" of the complaint, repeat the responses to paragraphs "1" through "36" as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38"of the complaint, and respectfully refers the Court to the legal authority referenced therein for its true content and effect.

39. Denies the allegations set forth in paragraph "39" of the petition.

40. Denies the allegations set forth in paragraph "40" of the petition.

41. Denies the allegations set forth in paragraph "41"of the complaint.

42. Neither admits nor denies the allegations set forth in paragraph "42" of the complaint, as it constitutes argument or conclusions of law to which no response is required, however, should the Court deem a response necessary, denies the allegations.

43. Denies that plaintiff is entitled to any of the relief sought in the "Wherefore clause."

## AFFIRMATIVE DEFENSES

44. The complaint fails to state a claim upon which relief can be granted.

45. The Defendants have not violated any rights, privileges, or immunities reserved to the plaintiffs by the Constitution or laws of the United States, nor have the City Defendants violated any act of Congress.

46. The Defendants acted properly and in accordance with all applicable laws and regulations, and thus are immune from liability.

WHEREFORE, Defendants demand judgment dismissing the complaint, awarding them costs and disbursements in this action, including reasonable attorneys' fees, and granting such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               July 31, 2007

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the City of New York
                                      Attorney for Defendants
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 442-0573

                                      By: _____
                                          Mark W. Muschenheim (MM 0498)
                                          Assistant Corporation Counsel