# EXHIBIT R

| Councilmember Phil Mendelson | Councilmember Marion Barry | 1 2 |

A BILL                                          3

                                                 4

IN THE COUNCIL OF THE DISTRICT OF COLUMBIA       5

                                                 6

To require restaurants, which are part of a chain having 10 or more locations nationally, to provide nutritional information for standard menu items sold.

BE IT ENACTED BY THE COUNCIL OF THE DISTRICT OF COLUMBIA, That this act may be cited as the "Menu Education and Labeling Act of 2007".

Sec. 2. For the purposes of this act, "Chain Restaurant" means a restaurant or similar retail food establishment which is identified with a chain having 10 or more locations nationally, which is doing business under the same trade name regardless of ownership, and which is offering predominantly the same prepared foods or meals. "Similar retail food establishment" includes convenience stores, delis, bakeries, cookie counters, ice cream shops, coffee shops, and sidewalk vendors.

Sec. 3. (a) A chain restaurant shall provide nutritional information for all standard menu items sold. This information shall be for food and drink items as usually prepared and offered for sale, and shall state for each item the total number of:

    (1) calories;

    (2) grams of saturated fat plus trans fat;

    (3) grams of carbohydrates; and

1

(4) milligrams of sodium.     1

(b) A chain restaurant shall obtain the nutritional analysis required by this act 2 from an independent nutrition testing laboratory and shall use analytic methods and express 3 nutrient content in a manner consistent with the federal Uniform Food, Drug, and Cosmetic Act 4 together with its implementing regulations. The nutritional information presented publicly 5 pursuant to subsection (a) shall be in violation of this act if the information varies by more than 6 20 percent from the nutritional analysis. 7

(c) For menu items that are regularly available in different flavors and varieties 8 but that are listed as a single menu item, such as soft drinks, ice cream, pizza and doughnuts, the 9 median value for nutritional content shall be listed on the menu or menu board; provided, that the 10 nutritional values for the flavors or varieties shall not vary by more than 20 percent from the 11 median. 12

(d) The nutritional information may be presented with a disclaimer stating that 13 there may be variations in nutritional content across servings, based on slight variations in overall 14 serving size or quantity of ingredients, or based on special ordering. 15

(e) Each menu shall include, in a clear and conspicuous manner, a statement of the 16 current U.S. Food and Drug Administration recommended limits for a 2,000 calorie daily diet for 17 grams of saturated fat (including trans fat), milligrams of sodium and grams of carbohydrates. 18

(f) This section shall not apply to daily specials and items on the menu for 30 days 19 or less, or to condiments, bread baskets, and similar self-serve items. 20

Sec. 4. (a) A chain restaurant which uses a standard menu shall provide the required 21 nutritional information next to each item on the menu in a size and typeface similar to other 22

information about each menu item.

(b) A chain restaurant which uses a menu board may limit the nutritional information to the total number of calories per serving per item in a size and typeface similar to other information about the item; provided, that the additional information prescribed in section 3(a) shall be available readily, in writing, to customers upon request.

(c) A chain restaurant which provides a salad bar, buffet line, or similar self-serve arrangement, may limit the nutritional information provided for those self-serve items to the total number of calories per standard serving per item in a size and typeface similar to other information provided about the item; provided, that the additional information prescribed in section 3(a) shall be available readily, in writing, to customers upon request.

(d) This act does not preclude a chain restaurant from providing additional nutritional information voluntarily.

Sec. 5. (a) The Mayor shall determine compliance with this act in the course of regular health inspections of food facilities. The Mayor shall not be required to test food items to verify the accuracy of the nutritional listings; provided that the Mayor may request franchisers or corporate owners of chain restaurants and food establishments to provide documentation of the accuracy of the nutritional information being provided to the patrons.

(b) Any person who violates the provisions of this act shall be subject to a fine of $100 for the first violation and $500 for each subsequent violation. A violation of this act shall be a civil infraction for the purposes of the Department of Consumer and Regulatory Affairs Civil Infractions Act of 1985, effective October 5, 1985 (D.C. Law 6-42; D.C. Official Code § 2-1802 et seq.) ("Civil Infractions Act"). Civil fines, penalties, and fees may be imposed under

authority of Title I-III of the Civil Infractions Act. Adjudication shall be pursuant to Title I-III of the Civil Infractions Act. A violation of this act shall not be scored in a health department inspection that determines whether the chain restaurant may be closed.

(c) The Mayor may, by rulemaking, increase the fines prescribed in this act.

Sec. 6. (a) A chain restaurant shall be in violation of this act only if it knowingly or negligently fails to comply with the requirements of this act.

(b) An individual franchisee is not in violation of this act if the franchisee's parent corporation has failed to provide the nutritional information required by this act; provided, that the parent corporation shall then be liable.

(c) Violations of this act shall not be enforced until nine months after the effective date of this act.

Sec. 7. The Mayor, pursuant to Title I of the District of Columbia Administrative Procedure Act, approved October 21, 1968 (82 Stat. 1204; D.C. Official Code § 2-501 *et seq.*), may issue rules to implement the provisions of this act.

Sec. 8. Fiscal impact statement.

The Council adopts the fiscal impact statement in the committee report as the fiscal impact statement required by section 602(c)(3) of the District of Columbia Home Rule Act, approved December 24, 1973 (87 Stat. 813; D.C. Code § 1-233(c)(3)).

Sec. 9. This act shall take effect following approval by the Mayor (or in the event of veto by the Mayor, action by the Council to override the veto), a 30-day period of Congressional review as provided in section 602(c)(1) of the District of Columbia Home Rule Act, approved December 24, 1973 (87 Stat. 813; D.C. Code § 1-233(c)(1)), and publication in the District of

Columbia Register. 1

"MENU EDUCATION AND LABELING ACT OF 2007
III. SECTION-BY-SECTION ANALYSIS

| | |
|---|---|
| Section 1 | Short title of the bill. |
| Section 2 | Defines "chain restaurant" and "similar retail food establishment." The bill applies to chains with 10 or more locations nationally, doing business under the same trade name, and offering essentially the same type of meals. Thus, it would apply to McDonald's (even though many of the outlets are franchises); it would not apply to the Clyde's Group (because most of its restaurants, such as Clyde's and Old Ebbitt, operate under different names with different menus). Chain restaurants have standardized offerings which are therefore easier to nutritionally analyze and have minimal variation. |
| Section 3 | Prescribes the nutritional information required to be provided – calories, saturated and trans fat, carbohydrates, and sodium – and requires that this information be obtained from an independent laboratory. A 20% margin of error from the analysis is permitted – which provides a wider margin of variability than allowed under the federal law for nutrition labeling of packaged foods (given that restaurant foods are more likely to vary in portion size and preparation than packaged foods). |
| | This section also permits a restaurant to provide a disclaimer that there may be variations in nutritional content depending on serving size, customized ordering, etc. Further, this section exempts from the labeling requirements self-serve items such as condiments and bread baskets, and many alcoholic drinks. It also exempts items on the menu for 30 days or less, such as daily specials (which are not the same as "blue plate specials" for different days of the week). |
| Section 4 | This section prescribes how the nutritional information is to be presented – e.g., if the restaurant utilizes a menu board rather than a menu, then only calories need be displayed, but the additional nutritional information shall be readily available, in writing. This provision is needed because of the space limitations on menu boards. |
| Section 5 | Enforcement. It is the intent that enforcement of this act typically will occur simultaneous with otherwise occurring health inspections of food facilities; in other words, this act does not require additional inspections. Further, a violation of this act shall not be counted along with Food Code violations toward closure of a food facility. The penalty for violating the act is a civil fine – $100 for the first violation, and $500 for each subsequent violation (the Mayor may increase these fines by rulemaking). It is the intent that violations are counted per inspection rather than per menu item. |

6

Section 6  This section provides that a restaurant is in violation only if it knowingly or negligently fails to comply with this act. This provision virtually eliminates the risk of private law suits. This section also provides that an individual franchisee is not in violation if the franchisee's parent company fails to provide the nutritional information (but then the parent shall be liable), and that this act is not enforceable until nine months after becoming effective–allowing significant time for restaurants to come into compliance.

Section 7  The act is intended to be enforceable without rulemaking, but the Mayor may issue rules to the extent subsequently found to be necessary, consistent with the act.

Section 8  Standard fiscal impact statement.

<u>Section 9</u>  Standard effective date after 30-day Congressional review.

7